

## New Jersey Judiciary
### Civil Practice Division
# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed, or attorney's signature is not affixed.

### For Use by Clerk's Office Only

| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |
|---|---|---|---|---|

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| David R. York, Esquire | (856) 843-8990  ext. | Camden |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Pressman, Doyle, Bloom & York | CAM-L |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 1864 Route 70 East | Cherry Hill | NJ | 08003 |

| Document Type | Jury Demand |
|---|---|
| Complaint | ■ Yes   ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Eileen Smith, Plaintiff | Eileen Smith v. The Home Depot, Inc, et als. |

Case Type Number (See page 3 for listing)  605

| | | |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ Yes | ■ No |
| Does this case involve claims related to COVID-19? | ☐ Yes | ■ No |
| Is this a professional malpractice case? | ☐ Yes | ■ No |

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

| | | |
|---|---|---|
| Related Cases Pending? | ☐ Yes | ■ No |

If "Yes," list docket numbers

| | | |
|---|---|---|
| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ Yes | ■ No |

| | | |
|---|---|---|
| Name of defendant's primary insurance company (if known) | ☐ None | ■ Unknown |

| **The Information Provided on This Form Cannot be Introduced into Evidence.** |
|---|
| Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation |
| Do parties have a current, past or recurrent relationship?   ☐ Yes   ■ No<br>   If "Yes," is that relationship:<br>   ☐ Employer/Employee   ☐ Friend/Neighbor   ☐ Familial   ☐ Business<br>   ☐ Other (explain) _____ |
| Does the statute governing this case provide for payment of fees   ☐ Yes   ■ No<br>by the losing party? |
| Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.<br><br><br><br><br><br> |
| ♿  Do you or your client need any disability accommodations?   ☐ Yes   ■ No<br>      If yes, please identify the requested accommodation:<br><br>   Will an interpreter be needed?   ☐ Yes   ■ No<br>      If yes, for what language? |
| **I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**<br><br>Attorney/Self-Represented Litigant Signature:  *s/David R. York* |

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES**

(Choose one and enter number of case type in appropriate space on page 1.)

## Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action) |

## Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

## Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

## Track IV - Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |

## Multicounty Litigation (Track IV)

| | |
|---|---|
| 282 | Fosamax |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |
| 639 | Pinnacle Metal-on-Metal (MoM) Hip Implants |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**

☐ **Putative Class Action**          ☐ **Title 59**                    ☐ **Consumer Fraud**

☐ **Medical Debt Claim**

**PRESSMAN, DOYLE, BLOOM & YORK**
DAVID R. YORK, ESQUIRE
NJ License ID No.: 009331994
1864 Route 70 East
Cherry Hill, NJ  08003
856-843-8990
Attorneys for Plaintiff

| | | |
|---|---|---|
| Plaintiff,<br>EILEEN SMITH, | :<br>: | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION |
| | : | CAMDEN COUNTY |
| | : | |
| vs. | : | CIVIL ACTION |
| | : | |
| Defendants, | : | DOCKET NO.:  CAM-L |
| THE HOME DEPOT, INC., | : | |
| ABC CORPORATION(S) 1-5 | : | |
| (Fictitious Names), | : | **COMPLAINT AND JURY DEMAND** |
| ABC CORPORATION(S) 6-10 | : | |
| (Fictitious Names), | : | |
| ABC CORPORATION(S) 11-15 | : | |
| (Fictitious Names), | : | |

Plaintiff, Eileen Smith, residing at 3 Ridgeview Court, in the Township of Winslow, County of Camden, State of New Jersey, by way of Complaint against the Defendants, says:

**FIRST COUNT**

1. On or about January 14, 2022, Plaintiff, Eileen Smith, was a lawful tenant and/or invitee on the premises located at 2735 Route 42, in the Township of Winslow, County of Camden, State of New Jersey.

2. On or about January 14, 2022, Defendant, The Home Depot, Inc., was the owner, lessee, landlord, and/or possessor of said grounds and premises and was charged with the obligation of proper control, maintenance, supervision, repair and general safekeeping of same.

3. On the aforementioned date and place, Plaintiff, Eileen Smith, was properly and legally walking said premises, when suddenly and without warning, Plaintiff was trapped in the automatic doors as she tried to enter the premises as they malfunctioned and kept opening and

closing on her, sustaining serious injuries.

4. At the aforesaid time and place, Defendant, The Home Depot, Inc., was guilty of the following acts of negligence:

A. Did not keep the premises in a safe condition;

B. Did not exercise proper care;

C. Caused a dangerous and hazardous condition to exist;

D. Allowed a nuisance to exist;

E. Failed to provide proper safeguards and/or warnings;

F. Did not properly manage and/or communicate with his realtor/real estate agent;

G. Did not properly manage, oversee, communicate and/or otherwise control the renters of said premises;

H. Was otherwise negligent.

5. As a direct and proximate result of the negligence of aforesaid of the Defendant, The Home Depot, Inc., the Plaintiff, Eileen Smith, was caused to fall and sustain certain personal injuries, internal and external, and both temporary and permanent in nature; did suffer great pain and discomfort; has been forced and may in the future be forced to incur great medical expenses in an effort to cure and alleviate the injuries caused to her; has been unable and may in the future be unable to perform her normal activities and occupation and has been otherwise damaged.

WHEREFORE, Plaintiff, Eileen Smith, demands judgment against Defendant, The Home Depot, Inc., for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, costs of suit and attorney's fees.

## SECOND COUNT

1. For the sake of brevity, the allegations of the First Count are herein repeated and made a part of this Count.

2.      On or about January 14, 2022, Defendant, ABC Corporation(s) 1-5 (Fictitious Names), was the owner, lessee, landlord, and/or possessor of said grounds and premises and was charged with the obligation of proper control, maintenance, supervision, repair and general safekeeping of same.

3.      On the aforementioned date and place, Plaintiff, Eileen Smith, was properly and legally walking said premises, when suddenly and without warning, Plaintiff was trapped in the automatic doors as she tried to enter the premises as they malfunctioned and kept opening and closing on her, sustaining serious injuries.

4.      At the aforesaid time and place, Defendant, ABC Corporation(s) 1-5 (Fictitious Names), was guilty of the following acts of negligence:

      A.     Did not keep the premises in a safe condition;

      B.     Did not exercise proper care;

      C.     Caused a dangerous and hazardous condition to exist;

      D.     Allowed a nuisance to exist;

      E.     Failed to provide proper safeguards and/or warnings;

      F.     Did not properly manage and/or communicate with his realtor/real estate agent;

      G.     Did not properly manage, oversee, communicate and/or otherwise control the renters of said premises;

      H.     Was otherwise negligent.

5.      As a direct and proximate result of the negligence of aforesaid of the Defendant, ABC Corporation(s) 1-5 (Fictitious Names), the Plaintiff, Eileen Smith, was caused to fall and sustain certain personal injuries, internal and external, and both temporary and permanent in nature; did suffer great pain and discomfort; has been forced and may in the future be forced to incur great medical expenses in an effort to cure and alleviate the injuries caused to her; has been unable and

may in the future be unable to perform her normal activities and occupation and has been otherwise damaged.

WHEREFORE, Plaintiff, Eileen Smith, demands judgment against Defendant, ABC Corporation(s) 1-5 (Fictitious Names), for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, costs of suit and attorney's fees.

## THIRD COUNT

1. For the sake of brevity, the allegations of all previous Counts are herein repeated and made a part of this Count.

2. On or about January 14, 2022, Defendant, ABC Corporation(s) 6-10 (Fictitious Names), was the door manufacturing company that produced the door in question and was charged with the obligation of proper control, maintenance, supervision, repair and general safekeeping of same.

3. On the aforementioned date and place, Plaintiff, Eileen Smith, was properly and legally walking said premises, when suddenly and without warning, Plaintiff was trapped in the automatic doors as she tried to enter the premises as they malfunctioned and kept opening and closing on her, sustaining serious injuries.

4. At the aforesaid time and place, Defendant, ABC Corporation(s) 6-10 (Fictitious Names), was guilty of the following acts of negligence:

> A. Did not keep the premises in a safe condition;
>
> B. Did not exercise proper care;
>
> C. Caused a dangerous and hazardous condition to exist;
>
> D. Allowed a nuisance to exist;
>
> E. Failed to provide proper safeguards and/or warnings;

F. Did not properly manage and/or communicate with his realtor/real estate agent;

G. Did not properly manage, oversee, communicate and/or otherwise control the renters of said premises;

H. Manufactured a defective door;

I. Manufactured and put into the stream of commerce a defective door;

J. Was otherwise negligent.

5. As a direct and proximate result of the negligence of aforesaid of the Defendant, ABC Corporation(s) 6-10 (Fictitious Names), the Plaintiff, Eileen Smith, was caused to fall and sustain certain personal injuries, internal and external, and both temporary and permanent in nature; did suffer great pain and discomfort; has been forced and may in the future be forced to incur great medical expenses in an effort to cure and alleviate the injuries caused to her; has been unable and may in the future be unable to perform her normal activities and occupation and has been otherwise damaged.

WHEREFORE, Plaintiff, Eileen Smith, demands judgment against Defendant, ABC Corporation(s) 6-10 (Fictitious Names), for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, costs of suit and attorney's fees.

## FOURTH COUNT

1. For the sake of brevity, the allegations of all previous Counts are herein repeated and made a part of this Count.

2. On or about January 14, 2022, Defendant, ABC Corporation(s) 11-15 (Fictitious Names), was the door installer of the door in question and was charged with the obligation of proper control, maintenance, supervision, repair and general safekeeping of same.

3. On the aforementioned date and place, Plaintiff, Eileen Smith, was properly and

legally walking said premises, when suddenly and without warning, Plaintiff was trapped in the automatic doors as she tried to enter the premises as they malfunctioned and kept opening and closing on her, sustaining serious injuries.

4.      At the aforesaid time and place, Defendant, ABC Corporation(s) 11-15 (Fictitious Names), was guilty of the following acts of negligence:

A.      Did not keep the premises in a safe condition;

B.      Did not exercise proper care;

C.      Caused a dangerous and hazardous condition to exist;

D.      Allowed a nuisance to exist;

E.      Failed to provide proper safeguards and/or warnings;

F.      Did not properly manage and/or communicate with his realtor/real estate agent;

G.      Did not properly manage, oversee, communicate and/or otherwise control the renters of said premises;

H.      Failed to properly install the door;

I.      Failed to properly maintain the door;

J.      Was otherwise negligent.

5.      As a direct and proximate result of the negligence of aforesaid of the Defendant, ABC Corporation(s) 11-15 (Fictitious Names), the Plaintiff, Eileen Smith, was caused to fall and sustain certain personal injuries, internal and external, and both temporary and permanent in nature; did suffer great pain and discomfort; has been forced and may in the future be forced to incur great medical expenses in an effort to cure and alleviate the injuries caused to her; has been unable and may in the future be unable to perform her normal activities and occupation and has been otherwise damaged.

WHEREFORE, Plaintiff, Eileen Smith, demands judgment against Defendant ABC Corporation(s) 11-15 (Fictitious Names), for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interest, costs of suit and attorney's fees.

### FIFTH COUNT

1.    For the sake of brevity, the allegations of all previous Counts are herein repeated and made a part of this Count.

WHEREFORE, the Plaintiff, Eileen Smith, demands judgment against the Defendants, The Home Depot, Inc., ABC Corporation(s) 1-5 (Fictitious Names), ABC Corporation(s) 6-10 (Fictitious Names), ABC Corporation(s) 11-15 (Fictitious Names), individually, jointly, severally and/or in the alternative, for such sums as will reasonably compensate her for damages according to the laws of the State of New Jersey, plus costs of suit, and for whatever other relief the Court deems equitable and just.

PRESSMAN, DOYLE, BLOOM & YORK

BY:_____
David R. York, Esquire
Attorneys for Plaintiff

Dated: January 12, 2024

### JURY TRIAL DEMAND

The Plaintiff hereby demands a trial by jury as to all issues herein.

PRESSMAN, DOYLE, BLOOM & YORK

BY:_____
David R. York, Esquire
Attorneys for Plaintiff

Dated: January 12, 2024

## DESIGNATION OF TRIAL COUNSEL

Please take notice that David R. York, Esquire, of the law firm of PRESSMAN, DOYLE,

BLOOM & YORK, is hereby designated as trial counsel.

PRESSMAN, DOYLE, BLOOM & YORK

BY:_____

David R. York, Esquire

Attorneys for Plaintiff

Dated: January 12, 2024

## DEMAND FOR DISCOVERY

Plaintiff hereby demands answers to Form C and C2 Interrogatories pursuant to the Rules of

the Court. Plaintiff further demands answers to the attached Notice to Produce pursuant to the

Rules of the Court.

PRESSMAN, DOYLE, BLOOM & YORK

BY:_____

David R. York, Esquire

Attorneys for Plaintiff

Dated: January 12, 2024

## STATEMENT OF DAMAGES

The nature of plaintiff's damages are unliquidated and difficult to ascertain at this stage

of the litigation. You may accept this initial demand for damages from each defendant as being

the limits of the sum of each defendant(s) insurance policies.

PRESSMAN, DOYLE, BLOOM & YORK

BY:_____

David R. York, Esquire

Attorneys for Plaintiff

Dated: January 12, 2024

## CERTIFICATION PURSUANT TO RULE 4:5-1

David R. York, Esquire, of the law firm of PRESSMAN, DOYLE, BLOOM & YORK, hereby certifies as follows:

1.      The matter in controversy is not the subject of any other action pending in any court nor is it the subject of any arbitration proceeding now pending.

2.      No other action or arbitration is presently contemplated.

3.      Plaintiff knows of no other individual or entity which should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

PRESSMAN, DOYLE, BLOOM & YORK

BY: _____

David R. York, Esquire
Attorneys for Plaintiff

Dated: January 12, 2024

**PRESSMAN, DOYLE, BLOOM & YORK**
DAVID R. YORK, ESQUIRE
NJ License ID No.:  009331994
1864 Route 70 East
Cherry Hill, NJ  08003
856-843-8990
Attorneys for Plaintiff

| | | |
|---|---|---|
| Plaintiff, | : | SUPERIOR COURT OF NEW JERSEY |
| EILEEN SMITH, | : | LAW DIVISION |
| | : | CAMDEN COUNTY |
| | : | |
| vs. | : | CIVIL ACTION |
| | : | |
| Defendants, | : | DOCKET NO.:  CAM-L |
| THE HOME DEPOT, INC., | : | |
| ABC CORPORATION(S) 1-5 | : | |
| (Fictitious Names), | : | **NOTICE TO PRODUCE** |
| ABC CORPORATION(S) 6-10 | : | |
| (Fictitious Names), | : | |
| ABC CORPORATION(S) 11-15 | : | |
| (Fictitious Names), | : | |

TO THE ABOVE CAPTIONED DEFENDANT(S)

Plaintiff requests Defendants to respond within thirty (30) days to the following requests pursuant to Rule 4:18-1, New Jersey Rules of Civil Practice.  These requests for documents shall be deemed to be continuing.  If between the time of your response and the time of trial in this case, you or anyone acting on your behalf learn of the existence of further documentation which are responsive to the requests contained herein, you shall promptly furnish said documents to the undersigned attorney.

This Demand to Produce may be compiled with via United States mail pursuant to R.1:5-2.

DEFINITIONS AND INSTRUCTIONS

As used herein, the terms listed below are defined as follows:

· "Documents" means all written or printed matter of any kind, including the originals and all nonidentical copies, whether different form the originals by reason of any notation made on such copies or otherwise (including, without limitation, correspondence, memoranda, notices, diaries, statistics, letters, telegrams, minutes, resolutions, agendas, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, offers, notations of any sort of conversation, bulletins, computer printouts, teletypes, telefaxes, invoices, worksheets

and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or manual records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, video-tape, records, motion pictures), electronic, mechanical or electronic records or representations of any kind (including, without limitations, tapes, cassettes, discs and recordings), and computer records, e-mails or any other electronic data.

- "All documents" means every document, whether an original or copy as above defined, known to you and every such document which can be located or discovered by reasonable diligent efforts.

- The conjunctions "and" and "or" shall be interpreted conjunctively and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any requests.

- "Evidencing" or "relating to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, pertaining to, concerning or referring to, directly or indirectly.

- "Possession, custody or control" of documents or materials means possession, custody or control, or right to possessions, custody or control by the defendant or its attorney at any time during the course of the events leading up to these proceedings.

- In the event that you refuse to produce any document or materials called for by this request on the grounds of privilege, you shall identify each such document or material and disclose the grounds for such claim or privilege.

Your refusal to produce any document or item of your objection to any request in no way excuses you from timely production of all other documents requested herein.

## SPECIFICATION OF MATERIALS REQUESTS

1.  Name and address of any company and/or individual hired to install, work on, repair and/or maintain the front door in question.

2.  Copies of any contracts between Defendants and any company and/or individual pertaining to the installation, repair and/or maintenance of the front door in question.

3.  Copies of any correspondence, emails, reports, memorandums, invoices, bills, work orders or any other form of communication between Defendants and any company and/or individual that installed, worked on, repair and/or maintained the front door in question.

4.  All documents, including writings, drawings, graphs, charts, photographs, phono-records, motion pictures, videotapes, e-mails, computer records and other data compilations from which information can be obtained and translated in the possession of the answering party which are relevant to the cause of action.

5. Any Documents and Things which are in the possession, custody or control of the requested party which constitute or contain matters discoverable within the scope of R.4-10-2.

6. Copies, transcripts or other substantially verbatim reproductions of statements of the plaintiff in any form existent.

7. Copies, transcripts or other substantially verbatim reproductions of statements of all witnesses who have relevant knowledge of the within cause of action.

8. Copies of any and all medical records, medical reports and medical bills regarding treatment of the plaintiff with regard to the within cause of action.

9. Copies of any and all medical records, medical reports and medical bills regarding treatment of the plaintiff at any time prior to or subsequent to the within cause of action.

10. Copies of any and all Documents or Things which the responding party intends to utilize at deposition or trial with regard to testimony of any party or witness.

11. Declarations pages from any and all insurance policies which would provide liability coverage to the defendant for the incident in question.

12. A true and complete copy of any and all CIB Index results obtained on plaintiff.

13. Copies of any and all written statements and transcripts/ summaries of oral statements given by defendant about the incident described in plaintiff's complaint pursuant to Pfender v. Torres, 336 N.J. Super 379 (App. Div. 2001), Payton v. NJ Turnpike Authority, 148 N.J. 524 (1997) and Medford v. Duggan, 323 N.J. Super 127 (App. Div. 1999).

PRESSMAN DOYLE, BLOOM & YORK

BY:_____

David R. York, Esquire
Attorneys for Plaintiff

Dated: January 12, 2024

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-000131-24

**Case Caption:** SMITH EILEEN  VS THE HOME DEPOT, INC.

**Case Initiation Date:** 01/12/2024

**Attorney Name:** DAVID R YORK

**Firm Name:** PRESSMAN & DOYLE, LLC

**Address:** 712 WEST MACDADE BLVD

MILMONT PARK PA 19033

**Phone:** 6105324222

**Name of Party:** PLAINTIFF : SMITH, EILEEN

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: EILEEN SMITH? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
> **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
> **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/12/2024
Dated

/s/ DAVID R YORK
Signed